UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

HAWK TECHNOLOGY SYSTEMS, LLC,

    Plaintiff,

v.                                                                 Case No: 0:13-CV-62819-JIC

HOLLYWOOD BEACH RESORT RENTAL
PROGRAM, LLC, HHBR, LLC, THE
HOLLYWOOD BEACH RESPORT
CONDOMINIUM ASSOCIATION, INC.,
and HOLLYWOOD BEACH HOTELS
OWNERS ASSOCIATION, INC.,

    Defendants.
_____/

## DEFENDANT'S MOTION TO SET ASIDE CLERK'S DEFAULT

Come now Defendants, HHBR, LLC ("HHBR"), HOLLYWOOD BEACH RESORT CONDOMINIUM ASSOCIATION, INC. ("HBRCA"), and HOLLYWOOD BEACH HOTELS OWNERS ASSOCIATION, INC. ("HBHOA"), and file this Motion to Set Aside Default, and seek an order setting aside the Clerk's Defaults.

### BACKGROUND

1.     Plaintiff filed its original complaint on December 301, 2013 alleging patent infringement against Defendant Hollywood Beach Resort Rental Program, LLC. (Doc. #1).

2.     On February 7, 2014, Plaintiff filed an Amended Complaint alleging patent infringement against Defendants HHBR, HBRCA, and HBHOA. (Doc. #13).

3.     On February 12, 2014, the Plaintiff served the Amended Complaint on Defendants HHBR, HBRCA, and HBHOA.

1

4.	Plaintiff moved for an entry of Clerk's Default against HHBR, HBRCA, and HBHOA on March 14, 2014. (Doc. #28, Doc. #29, Doc. #30).

5.	The Clerk entered a default on Monday, March 17, 2014. (Doc. #31, Doc. #32, Doc. #33).

6.	The Defendants retained counsel to defend this matter unaware of the entry of default.

7.	Immediately upon being retained, the undersigned counsel entered its notice of appearance. (Doc. #35).

8.	From March 17, 2014 through today's date of March 19, 2014, undersigned counsel has attempted to confer with Plaintiff's counsel prior to the filing of this Motion. Plaintiff's counsel has not responded to the undersigned counsel's efforts.

9.	Because the Defendant's failure to retain counsel and enter a timely appearance and response to the Complaint comprises excusable neglect, the Defendant respectfully requests the court set aside the Clerk's Entry of Default.

## MEMORANDUM OF LAW

Rule 55(c) of the Federal Rules of Civil Procedure provides that "for good cause shown the court may set aside an entry of default." Fed.R.Civ.P. 55(c). Furthermore, "defaults are seen with disfavor because of the strong policy of determining cases on their merits." *Fla. Physician's Ins. Co. Inc. v. Ehlers,* 8 F.3d 780, 783 (11th Cir.1993).

To evaluate whether good cause exists to set aside a Clerk's entry of default, the courts consider the following factors: (1) whether the default is culpable or willful; (2) whether setting aside default would prejudice the adversary; and (3) whether the

defaulting party presents a meritorious defense. *Compania Interamericana Export-Import, S.A. v. Compania Dominica de Aviacion,* 88 F.3d 948, 951 (11th Cir.1996).

These factors are, however, not exclusive. Courts have examined other factors to set aside a default including "whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and ***whether the defaulting party acted promptly to correct the default.***" *Id.* at 951 (emphasis added). "Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default." *Id.* at 951-52.

## ARGUMENT

### A. INTRODUCTION

Since receipt of the Complaint, Defendants HHBR, HBRCA, and HBHOA have diligently sought to defend itself in this litigation. The matter was provided to Defendant's general counsel for defense. Subsequently, it was submitted to Defendants' insurance carrier for assignment of counsel with an expertise in patent law. There was a miscommunication about who would be filing a response to the Amended Complaint, with Defendants believing that general counsel would be filing such a response or obtaining an extension. General counsel, presumably, believed that the carrier-assigned counsel with experience in patent law would be filing a response. This miscommunication resulted in delays and ultimately led to securing insurance counsel after the deadline to answer in the aforementioned action. Counsel was retained on the same day that the Clerk entered defaults against HHBR, HBRCA, and HBHOA.

Upon notice of the Amended Complaint and reviewing the docket, undersigned counsel immediately filed its Notice of Appearance for HHBR, HBRCA, and HBHOA and made several attempts to discuss with Plaintiff's counsel would oppose a motion to set aside the Clerk's default. Despite phone calls and at least one email, Plaintiff's counsel never responded to efforts to discuss her opposition or agreement.

Defendants' motion must be granted to permit them to defend and litigate this matter on its merits. To allow the entry of default would be extremely prejudicial to Defendants because Plaintiff's claims are entirely meritless. Defendants have meritorious defenses supported by the facts of this case and statutes relating to patent use.

### B.   GOOD CAUSE EXISTS TO SET ASIDE THE DEFAULT

At the outset, Defendants submits that relief from the entry of default is borne by these facts and that no prejudice will result to the parties if this Court grants the relief requested. Plaintiff has not conducted any discovery and trial has not yet been set. As of the date of this motion, Defendants are just 2 weeks after the deadline for response to the Amended Complaint. Plaintiffs have not, and could not have, expended significant expenses on this matter at this extremely early stage.

In addition to there being no prejudice to Plaintiff if the default is vacated, the facts dictate that any neglect on the part of Defendants was neither willful nor culpable. Also, they illustrate that Defendants indeed have a meritorious defense.

### I.   Neglect Was Neither Willful Nor Culpable

Defendants have been diligent in this matter since being served with the Complaint on February 12, 2014. Upon receipt of service, the matter was referred to general counsel. Defendants understood that handling of the defense would be conducted

by general counsel. Soon before the deadline for response, the decision was made to refer the matter to Defendants' insurance carrier for coverage and provision of counsel. Until assignment of counsel was made, Defendants understood that the matter was being handled by general counsel. There was difficulty in finding counsel to be assigned by the carrier who had an expertise in patent law. Nevertheless, on March 17, 2014, undersigned counsel was retained. Unfortunately, on that same date, the Orders of default were entered by the Clerk against HHBR, HBRCA, and HBHOA. Upon review of the docket, undersigned counsel immediately entered his notice of appearance. This occurred less than two weeks following the deadline for response to the Amended Complaint.

## II.     Implied License is a Meritorious Defense

The Complaint asserts a single count for Patent Infringement. Specifically, Plaintiff asserts that Defendants infringed upon its patent by use of a video surveillance system that infringe on one or more of the patent claims. Upon information and belief, the video surveillance equipment that is the subject of this lawsuit was sold to and/or installed at the Hollywood Beach Resort by a licensee of the patent holder. Sale and/or installation of the equipment by a licensee of the patent holder carries with it an implied license to use that equipment. *See, e.g., Zenith Electronics Co. v. PDI Communications Sys.*, 522 F.3d 1348 (Fed. Cir. 2008).

## C.     CONCLUSION

Defendants' conduct has neither been culpable or willful. No prejudice would result to Plaintiff if the Clerk's default is set aside or vacated. Further, Defendants have a meritorious defense. Importantly, also, is the fact that Defendants acted promptly to

5

correct the default. Based on the foregoing and good cause shown, Defendants respectfully request that this Court issue an order to set aside the entry of default.

Dated: March 19, 2014

/s/ Cory L Chandler
Cory L. Chandler
Florida Bar No. 621552
SPECTOR, GADON & ROSEN, LLP
360 Central Avenue
Suite 1550
St. Petersburg, FL 33701
(727) 896-4600 (telephone)
(727) 896-4604 (facsimile)
cchandler@lawsgr.com
Counsel for the Defendants

## CERTIFICATE OF CONFERENCE

I certify that several attempts were made to confer with counsel for Plaintiff with no response.

/s/ Cory L. Chandler

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of March, 2014, the foregoing document was electronically filed with the Clerk of Court using CM/ECF.

/s/ Cory L. Chandler